## HEMPSTONE v. KOEHLER.

(Supreme Court, Appellate Term.    December 2, 1910.)

1. CONTRACTS (§ 10*)—UNILATERAL AGREEMENTS.

An instrument which, after adjusting firm matters between plaintiff and defendant, declares that the goods are to be bought at the stipulated selling prices by plaintiff from defendant, on specified terms, and that plaintiff has the privilege to return all goods not accepted by his customers on account of late delivery and imperfections, is void for want of mutuality.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

2. SALES (§ 59*)—CONTRACTS.

The fact that plaintiff frequently sent defendant orders for goods stating quantity and the desired date of delivery, and that defendant made deliveries and O. K.'d the orders, did not make a prior agreement between the parties, declaring that goods are to be bought at stipulated selling prices by plaintiff from defendant, on specified terms, and that plaintiff may return goods not accepted by his customers, a part of the contract between the parties based on the orders and their acceptance.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 59.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Snowden L. Hempstone against Richard Koehler. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

M. Gintzler (Herman M. Schaap, of counsel), for appellant.
Frank C. Mebane, for respondent.

BIJUR, J. This action was brought to recover damages for breach of contract to deliver merchandise. The so-called contract was a paper inartificially drawn by a bookkeeper of one of the parties, which, after providing for the adjustment of various matters between plaintiff and defendant who had previously been partners, proceeded as follows:

> "Fifth. The goods for all orders taken from now on by department S. L. Hempstone Co. for R. Koehler's collections are to be bought at the stipulated selling prices by S. L. Hempstone from R. Koehler on terms of 6% $^{10}/_{60}$ X from date of delivery, less 11¾ trade discount taken of the net prices. S. L. Hempstone has the privilege to return all goods not accepted by his customers on account of late delivery and imperfections to R. Koehler within sixty days."

The evidence is voluminous. The opinion of the learned trial judge and the briefs contain much lengthy discussion concerning the question whether the loss of plaintiff's profits through the return by his customers of goods not delivered in time by defendant to plaintiff was chargeable to defendant, or whether the contract impliedly relieved the defendant from such liability. It is not, however, necessary in my opinion to decide any of these interesting questions, in view of the fact that the paper upon which the action is based does not constitute a contract binding on the parties, and therefore could not form the basis of any liability. The so-called agreement is a mere protocol or plan under which the parties proposed to do business, and while, no doubt, when thereafter they made a binding agreement as to any particular transaction covered by the protocol, its terms would enter into and become part of such agreement, the protocol itself is void for want of mutuality. See Booth v. Milliken, 127 App. Div. 522, 111 N. Y. Supp. 791, and the many authorities therein cited on this point at page 525.

The question then remains whether the parties ever had any transactions which amounted to a binding agreement. It appears that plaintiff frequently sent defendant orders for goods, stating quantity and date when he wished delivery. The only competent evidence of any action on the part of defendant in relation to these orders, other than the final delivery of the goods under many of them, is that on some he wrote the letters "O. K."; on others his initials "R. K."; and on some, both. Standing by itself (and, on the case as presented to us, it does stand by itself), this was entirely insufficient to indicate acceptance by the defendant of these orders, and certainly quite insufficient to amount to acquiescence in all their terms or an agreement to carry out the whole or any part of the same.

The case seems to have been tried on the theory that these informal, inconclusive, and unilateral acts on the part of the respective parties constituted in some way binding contracts, but, as all elements of mutuality were wanting throughout, no judgment in favor of plaintiff was warranted.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs. PAGE, J., in result.